STAHL, Senior Circuit Judge,
concurring in part and dissenting in part.
I concur in Judge Coffin’s opinion that the standard of review in this matter is arbitrary and capricious. Given the facts of this case, however, I have difficulty concluding that Sun Life’s actions were not arbitrary and capricious. While the evidence as to the permanence of Brigham’s disability is not without some question, there was significant and unrebutted evidence that in his current condition he was unable to work consistently. Cf. Williams v. Int’l Paper Co., 227 F.3d 706, 712 (6th Cir.2000) (court held that plan administrator acted arbitrarily and capriciously when it failed to consider relevant evidence of claimant’s physical condition). Brigham’s life was not that of a malingerer. Affidavits submitted by members of Brigham’s family indicated that if he engaged in much activity on one day, he would be in pain or discomfort on subsequent days, making it difficult for him to leave his bed. In short, Brigham hardly seems to be a person capable of sustaining regular employment. Moreover, the Social Security Administration, presumably using the same information, found that Brigham was disabled. See Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir.1997) (in concluding that plan administrator’s denial of benefits was arbitrary and capricious, court noted Social Security Administration’s determination that claimant could not work). One would think that this finding, coupled with the affidavits from Brigham’s family and the reports from his doctor that he was totally disabled, would have prompted Sun Life to seek an independent examination of Brigham’s condition before making the final decision to deny his benefit. Since the standard set forth in the policy — “satisfactory to us”— leaves the question of the degree of evidence solely up to Sun Life, I believe its decision to deny benefits in this case was arbitrary and capricious.